UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| CESAR RENOL CABA, and EVELYN SAHAGUN CABA,<br><br>            Plaintiffs,<br><br>     vs.<br><br>HOMESTREET BANK,  DOES 1 THROUGH 20, INCLUSIVE,<br><br>            Defendants. | CIV. NO. 21-00301 LEK-KJM |

**ORDER GRANTING DEFENDANT'S MOTION TO REMAND**

Before the Court is Defendant Homestreet Bank's ("Homestreet") Motion to Remand ("Motion"), filed on July 19, 2021. [Dkt. no. 4.]  Pro se Plaintiffs Cesar Renol Caba and Evelyn Sahagun Caba ("the Cabas") did not file an opposition to the Motion.  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules").  The Motion is hereby granted for the reasons set forth below.

**BACKGROUND**

This matter arises out of the foreclosure of the Cabas' house located in Wailuku, Hawai`i.  Homestreet initially filed its complaint for foreclosure ("Complaint") against the Cabas on November 14, 2016 in the State of Hawai`i Second

Circuit Court ("state court"). [Mem. in Supp. of Motion at 2.] On April 16, 2018, the Cabas attempted to remove the foreclosure action to federal district court. [Homestreet Bank v. Caba, et al., CV 18-00139 DKW-KJM ("2018 Federal Action"), Notice of Removal of Action from the Civil Case No. 16-1-0571(2) from the Second Circuit, State of Hawaii to Federal Court Based on the FRCP 11 and Federal Question Jurisdiction Pursuant to 28 U.S.C. § 1441(a) ("First Notice of Removal"), filed 4/16/18 (dkt. no. 1).] The matter was remanded to state court for lack of jurisdiction and untimely notice of removal. [Id., Order Adopting Magistrate Judge's Findings and Recommendation, filed 6/5/18 (dkt. no. 12).] The Cabas subsequently filed a second notice of removal ("Second Notice of Removal") on July 6, 2021 that resulted in the instant action. [Plaintiffs' Complaint of Action Under the Civil Case No. 2CC16100571 from the Second Circuit, State of Hawaii to Federal Court Based on Federal Question Jurisdiction Pursuant to 28 U.S.C. § 1441(a), filed 7/6/21 (dkt. no. 1).]

## DISCUSSION

The Second Notice of Removal is deficient for the same reasons as the First Notice of Removal. First, the subject of the instant action involves foreclosure and such actions are based solely on state law. See 2018 Federal Action, Findings and Recommendation to Grant Plaintiff Homestreet Bank's Motion

2

to Remand, filed 5/17/18 (dkt. no. 11), at 4 (citing Hagan v. U.S. Nat'l Bank, No. CIV. 14-00215 DKW-KSC, 2014 WL 5465321, at *2 (D. Haw. Oct. 27, 2014)).  There is, therefore, no federal jurisdiction.  See id. at 5 (citations omitted).

Second, the Cabas do not allege there is diversity of citizenship.  See Second Notice of Removal at PageID #: 2-3. The Cabas are required to include the basis for jurisdiction, see 28 U.S.C. § 1446(a), but they have failed to do so.  Nor is the attempted removal timely because it is almost four and half years after the Complaint was filed.  See 28 U.S.C. § 1446(c)(1) (no removal of action based on diversity of citizenship jurisdiction when it is "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith [to prevent removal].").

Lastly, because the Cabas proceed pro se, this Court must liberally construe their pleadings.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  They are, however, still required to follow court rules.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by* Lacey v. Maricopa Cnty., 693 F.3d 896 (9th Cir. 2012).  By removing their foreclosure action for a second time, for the same reasons the First Notice of Removal was rejected, the Cabas have not followed court rules.  Accordingly, the Second Notice of Removal is improper.

Homestreet also seeks an award of costs and fees under 28 U.S.C. § 1447(c). [Mem. in Supp. of Motion at 12.]

> Section 1447(c) states, in pertinent part: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."
>
>> The Supreme Court settled the standard for awarding attorney's fees when remanding a case to state court in Martin v. Franklin Capital Corp., 546 U.S. 132, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005). The Court held that "the standard for awarding fees should turn on the reasonableness of the removal." Id. at 141, 126 S. Ct. 704. As the Court put it, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Id.
>
> Lussier v. Dollar Tree Stores, Inc., 518 F.3d 1062, 1065 (9th Cir. 2008) (alteration in Lussier) (footnote omitted).

KE Kailani Partners, LLC v. KE Kailani Dev., LLC, Civil No. 13-00347 LEK-BMK, 2013 WL 5773118, at *6-7 (D. Hawai`i Oct. 24, 2013).

The Court finds that the Cabas lacked an objectively reasonable basis for seeking removal of the instant action because: (1) federal jurisdiction does not exist in this case; (2) the Cabas' removal was untimely; and (3) the Cabas were on notice from the remand in the 2018 Federal Action. Thus, Homestreet's request for its attorneys' fees and costs incurred

4

with respect to the Motion is granted.  The Court refers this matter to the magistrate judge to prepare findings and recommendations regarding the amount of the award.

## CONCLUSION

For the foregoing reasons, Homestreet's Motion to Remand, filed on July 19, 2021 is GRANTED, including its request for attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c).

Homestreet is DIRECTED to file documentation supporting its request for attorneys' fees and costs with the magistrate judge by **December 6, 2021.**  Any opposition shall be filed by **December 20, 2021.**

The instant action is REMANDED to the State of Hawai`i Second Circuit Court, and the Clerk's Office is DIRECTED to transmit a certified copy of this order to the clerk of the State of Hawai`i Second Circuit Court.  This district court retains jurisdiction solely for the purposes of determining the amount of the award of removal-related expenses.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, November 22, 2021.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**CESAR RENOL CABA, ET AL. VS. HOMESTREET BANK; CV 21-00301 LEK-KJM; ORDER GRANTING DEFENDANT'S MOTION TO REMAND**