IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CESAR RENOL CABA, and EVELYN SAHAGUN CABA, <br><br> Plaintiffs, <br><br> vs. <br><br> HOMESTREET BANK, DOES 1 THROUGH 20, INCLUSIVE, <br><br> Defendants. | Civil No. 21-00301 LEK-KJM <br><br> FINDINGS AND RECOMMENDATION REGARDING DEFENDANT HOMESTREET BANK'S AFFIDAVIT OF COUNSEL AS TO ATTORNEYS' FEES AND COSTS |

FINDINGS AND RECOMMENDATION REGARDING
DEFENDANT HOMESTREET BANK'S AFFIDAVIT
OF COUNSEL AS TO ATTORNEYS' FEES AND COSTS

This matter concerns the foreclosure of Plaintiffs Cesar Renol Caba and Evelyn Sahagun Caba's (collectively, the "Cabas") house in Wailuku, Hawaii. Defendant Homestreet Bank ("Homestreet") initially filed its complaint for foreclosure against the Cabas on November 14, 2016 in the Circuit Court for the Second Circuit, State of Hawaii ("State Court"). On July 6, 2021, the Cabas removed the action from State Court to this district court. ECF No. 1.

On July 19, 2021, Homestreet filed a Motion to Remand. ECF No. 4. On November 22, 2021, the district court issued an order granting Homestreet's Motion to Remand ("11/22/2021 Order"). ECF No. 13. Therein, the district

court awarded Homestreet its attorneys' fees and costs incurred with respect to the Motion to Remand, pursuant to 28 U.S.C. § 1447(c).  *Id.* at 4–5.

Homestreet timely filed an Affidavit of Counsel as to Attorneys' Fees and Costs ("Request").  ECF No. 16.  On December 17, 2021, the Cabas filed a "Short Memorandum in Opposition to Defendants [sic] Homestreet Bank's Motion to Remand," which the Court construes as the Cabas' "Opposition" to the Request.  ECF No. 17.

The Court elects to decide this matter without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice for the United States for the District of Hawaii.  After carefully considering the Request, the Court FINDS AND RECOMMENDS that the district court award Homestreet attorneys' fees and costs as set forth below.

## DISCUSSION

I.    Attorneys' Fees

Reasonable attorneys' fees are generally based on the traditional "lodestar" calculation.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  "Under the lodestar method, the district court multiplies the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate."  *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013) (citations and internal quotation marks omitted).  Homestreet requests (1) $3,528

for 7.2 hours expended by Patricia J. McHenry, Esq., ($490/hour); and (2) $3,177.50 for 12.5 hours expended by Troy C. Young, Esq., ($205/hour). Homestreet also requests Hawaii General Excise Tax ("GET") on these amounts at the rate of 4.164%. *See* ECF No. 16-1 at 1. The Cabas do not specifically oppose Homestreet's requested hours or hourly rates in their Opposition.

    A.    Number of Hours Reasonably Expended

The Court has carefully reviewed the Request and the time entries by Ms. McHenry and Mr. Young submitted in support thereof. *See* ECF *Id.* at 1–2. The Court finds that the hours Ms. McHenry and Mr. Young spent on tasks related to the Motion to Remand are reasonable. The Court also finds that such tasks "were associated with the relief requested and reasonably necessary to achieve the results obtained." *Tiki Shark Art Inc. v. Cafepress Inc.*, Civil No. 13-00577 JMS-RLP, 2014 WL 12613386, at *2 (D. Haw. July 24, 2014) (citing *Tirona v. State Farm Mut. Auto. Ins. Co.*, 821 F. Supp. 632, 636 (D. Haw. 1993)).

    B.    Reasonable Hourly Rates

When determining a reasonable hourly rate, the Court considers the prevailing market rate in the relevant community for similar work performed by attorneys of comparable skill, experience, and reputation. *Roberts v. City of Honolulu*, 938 F.3d 1020, 1023 (9th Cir. 2019) (citing *Kelly v. Wengler*, 822

F.3d 1085, 1099 (9th Cir. 2016)); *Webb v. Ada County*, 285 F.3d 829, 840 (9th Cir. 2002) (citing *Chalmers v. City of L.A.*, 796 F.2d 1205, 1210–11 (9th Cir. 1986)). The relevant community is the forum in which the district court sits. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008).

Ms. McHenry states in the Request that she has over 35 years of experience as a commercial litigator. *See* ECF No. 16 at 2 ¶ 4. Ms. McHenry also states that Mr. Young has over two years of experience as a commercial litigator. *See id.* ¶ 5. Based on Ms. McHenry's and Mr. Young's respective levels of experience, the Court's knowledge of prevailing rates in the community, and the Cabas' lack of objection, the Court finds that the requested hourly rates are reasonable. *See U.S. v. Haw. Student Suites, Inc.*, CIV. NO. 19-00528 JMS-RT, 2021 WL 3134925, *6–7 (D. Haw. May 28, 2021), *adopted in* 2021 WL 3131672 (D. Haw. July 23, 2021) (awarding an hourly rate of $180 to an attorney with approximately 1 year of experience and an hourly rate of $360 to an attorney with 27 years of experience). The Court thus recommends that the district court award Ms. McHenry an hourly rate of $490 and Mr. Young an hourly rate of $205.

    C.    Total Lodestar Calculation

In sum, the Court finds that Homestreet is entitled to $6,344.11 ($6,090.50 + 4.164% GET) for attorneys' fees incurred in connection with the

4

Motion to Remand. The Court finds that this amount is reasonable and declines to adjust this lodestar amount. Accordingly, the Court recommends that the district court award $6,344.11 in attorneys' fees.

## II.    Costs

Homestreet seeks $86.24 for postage and photocopying costs incurred in connection with the Motion to Remand.[1] *See* ECF No. 16-1 at 3. The Court finds that these costs were reasonably and necessarily incurred for the Motion to Remand. Based on the foregoing, and given the Cabas' lack of objection, the Court recommends that the district court award $86.24 for costs.

## CONCLUSION

Based on the foregoing, the Court FINDS AND RECOMMENDS that the district court award Homestreet attorneys' fees and costs incurred with respect to the Motion to Remand as follows:

| | | |
|---|---|---:|
| (A) | Attorneys' Fees | $6,344.11 |
| (B) | Costs | $86.24 |
| | **TOTAL** | **$6,430.35** |

---

[1] The Request seeks $82.79 in costs. The Court notes, however, that Homestreet appears to have inadvertently omitted from its calculation the requested GET on this amount. *See* ECF No. 16-1 at 3 (listing costs as "Subject to 4.164% G.E. TAX"). The Court thus applies 4.164% GET to calculate the total cost award ($82.79 + 4.164% GET = $86.24).

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, April 7, 2022.



Kenneth J. Mansfield
Unites States Magistrate Judge

*Caba, et al. v. Homestreet Bank, et al.*, Civil No. 21-00301 LEK-KJM; Findings and Recommendation Regarding Defendant Homestreet Bank's Affidavit of Counsel as to Attorneys' Fees and Costs

6